IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GABRIEL MORAN and
REINERIS PENATE-NAJERA,

        Plaintiffs,

v.                                          No. CIV 16-1345 JAP/SCY

CODY WYCOFF and
OLD DOMINION FREIGHT LINE, INC.,[1]

        Defendants.

# O R D E R

The operative complaint in this proceeding is Plaintiffs' Second Amended Complaint for Personal Injuries and Damages, *see* Doc. No. 1 at 64–67, which was filed November 18, 2016 in the First Judicial District Court, County of Santa Fe.[2] Plaintiffs allege that as a result of a motor vehicle accident on December 11, 2015, Plaintiffs suffered injuries and damages due to the negligence of Defendants. Specifically, Plaintiffs assert claims of negligence, negligence per se, and negligent entrustment against Defendants and Plaintiffs seek an award of punitive damages against Defendants. Second Amended Complaint ¶¶ 6, 9, 13, 14, 17, 21.

Defendants have moved for partial summary judgment on the claims of negligent entrustment and punitive damages (Negligent Entrustment Motion).[3] Defendants contend that the negligent entrustment claim should be dismissed as a matter of law because the undisputed

---

[1] Although Defendants included Plaintiff in Intervention State Farm Automobile Insurance Co. in the caption of their Motion, the Court had removed State Farm from the caption since the notes from the August 14, 2017 Settlement Conference indicate that State Farm's claims were settled. Clerk's Minutes (Doc. No. 39).
[2] This proceeding was removed to federal court on December 9, 2016, on the basis for diversity jurisdiction. Notice of Removal (Doc. No. 1).
[3] DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' CLAIM[S] FOR NEGLIGENT ENTRUSTMENT AND PUNITIVE DAMAGES (Doc. No. 45).

1

material facts show that Cody Wyckoff,[4] the driver of the tractor trailer owned by Defendant Old Dominion Freight Line, Inc. (Old Dominion), had no record of having been cited previously for traffic violations, had never failed a drug test and had passed the drug test on the day in question, had only been in one earlier traffic accident when another vehicle backed into Mr. Wyckoff's truck, had conducted a pre-trip inspection of the pertinent tractor trailer, was not using his cell telephone at the time of the accident, was using low beam lights on his tractor, was not exceeding the speed, and tried to avoid Plaintiffs' vehicles before the collision occurred. Thus, according to Defendant Old Dominion, Plaintiffs cannot satisfy the required elements of a negligent entrustment claim because there is no evidence that Old Dominion knew or should have known that Mr. Wyckoff was likely to use the tractor trailer in a manner that would create an unreasonable risk of harm to others. Negligent Entrustment Motion at 6.

In addition, Defendants assert that the punitive damage claim against Mr. Wyckoff should be dismissed as a matter of law because there is no evidence that Mr. Wyckoff possessed the culpable mental state required to support a punitive damage award. *Id.* at 7. In other words, Defendants argue that Plaintiffs cannot demonstrate that Mr. Wyckoff acted willfully, wantonly, recklessly, or with conscious indifference. *Id.* at 8. Without any evidence showing that Mr. Wyckoff acted with the requisite culpable state, Defendants maintain that the punitive damages claim must be dismissed as a matter of law. *Id.*

Plaintiffs did not file any Response in opposition to the Negligent Entrustment Motion and sent an email to defense counsel, dated October 5, 2017, stating that Plaintiffs "will not oppose your

---

[4] Although the Second Amended Complaint and caption spell Mr. Wyckoff's name "Wycoff," the Court will use Wyckoff since that is how Defendants spell the name.

motion for summary judgment as to negligent entrustment."[5] Because Plaintiffs agree to the dismissal of the negligent entrust claim and have not filed any opposition to Defendants' request that the punitive damages claim also be dismissed,[6] the Court will grant Defendants' Negligent Entrustment Motion and dismiss, with prejudice, both the claim of negligent entrustment and the claim of punitive damages. Moreover, the Court concludes that Defendants have met their "initial responsibility" of demonstrating that no genuine issue of material fact exists and that [they are] entitled to summary judgment as a matter of law" as to the claims of negligent entrustment and punitive damages. *See Reed v. Bennett,* 312 F.3d 1190, 1194 (10th Cir. 2002).

IT IS THEREFORE ORDERED that DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' CLAIM FOR NEGLIGENT ENTRUSTMENT AND PUNITIVE DAMAGES (Doc. No. 45) is GRANTED with the result that Plaintiffs' claims of Negligent Entrustment and Punitive Damages against Defendants will be dismissed with prejudice in a separate Order.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[5] DEFENDANTS' REPLY FOR ITS MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' CLAIM FOR NEGLIGENT ENTRUSTMENT AND PUNITIVE DAMAGES, Ex. A (Doc. No. 49) (Reply).

[6] "The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M. LR-Civ. 7.1(b).