IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GABRIEL MORAN and
REINERIS PENATE-NAJERA,

        Plaintiffs,

v.                                                                                     No. CIV 16-1345 JAP/SCY

CODY WYCOFF and
OLD DOMINION FREIGHT LINE, INC.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

On December 11, 2015, Plaintiffs Gabriel Moran and Reineris Penate-Najera allegedly suffered injuries and damages as a result of a motor vehicle accident that occurred on U.S. Highway 550 near Cuba, New Mexico. Each Plaintiff was driving a small Toyota truck and each was towing a small Toyota truck,[1] when a tractor trailer driven by Defendant Cody Wyckoff and owned by Defendant Old Dominion Freight Line, Inc., hit the back of the truck being towed by Plaintiff Moran. *See* Second Amended Complaint for Personal Injuries and Damages (SAC) ¶¶ 6–8, 21; Plaintiffs' Response at 1 (Doc. No. 47). The collision caused Plaintiff Moran's vehicle to strike Plaintiff Penate-Najera's truck; Plaintiff Moran's vehicle then rolled several times. Plaintiffs' Response at 2. Defendant Wyckoff's cab and trailer went down on its left side. Plaintiffs assert claims of negligence and negligence per se[2] against Defendants. SAC ¶¶ 11–20.

---

[1] Plaintiffs state that they were traveling from Utah to Guatemala to sell the vehicles and various goods they were transporting. Response at 1 (Doc. No. 47).
[2] In an Order issued October 27, 2017 (Doc. No. 54), the Court dismissed with prejudice Plaintiffs' claim of negligent entrustment against Defendants.

Defendants seek partial summary judgment on Plaintiffs' claim of negligence *per se* based, in part, on Defendants' argument that the undisputed material facts demonstrate that Defendant Wyckoff was driving within the speed limit, was not tailgating Plaintiff Moran's vehicle, and was not driving recklessly or negligently when the Old Dominion tractor trailer struck the back of the vehicle being towed by Plaintiff Moran.[3] Plaintiffs assert that genuine disputes of material fact exist to defeat Defendants' request for partial summary judgment.[4] Defendants contend that Plaintiffs have attempted to dispute only one of their nine undisputed material facts and that this "sole 'disputed' fact" does not defeat Defendants' request for partial summary judgment as to the negligence *per se* claim.[5]

## Summary Judgment Standard

Summary judgment may be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When applying this standard, the Court examines the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Applied Genetics Intl, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). The party seeking summary judgment bears the initial burden of "show[ing] that there is an absence of evidence to support the nonmoving party's case." *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991) (internal quotation marks omitted). Once the movant meets this burden, Rule 56 requires the non-moving party to designate specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256

---

[3] DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' CLAIM FOR NEGLIGENCE PER SE (Motion) (Doc. No. 44).
[4] PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' CLAIM FOR NEGLIGENCE PER SE (Response) (Doc. No. 47).
[5] DEFENDANTS' REPLY FOR ITS MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' CLAIM FOR NEGLIGENCE PER SE (Reply) (Doc. No. 48).

(1986). In considering a motion for summary judgment, then, the Court's "role is simply to determine whether the evidence proffered by plaintiff would be sufficient, if believed by the ultimate factfinder, to sustain her claim." *Foster v. Alliedsignal, Inc*., 293 F.3d 1187, 1195 (10th Cir. 2002).

## Undisputed Material Facts[6]

On December 11, 2015, before leaving Farmington for Albuquerque, NM, Defendant Wyckoff conducted a pre-trip inspection of his tractor trailer truck and found no problems with the truck's brakes, air lines, or fluid levels. The accident occurred north of Cuba, NM on Highway 550 at about 7:30 to 8 p.m. when it was dark. At the point of collision, Highway 550 was a 4-lane road, with two lanes traveling in each direction. The pertinent stretch of the road was flat and mostly straight with some slight curves. The weather was clear.

Before the accident occurred, Defendant Wyckoff was not using a cellular telephone. His low beam headlights were on due to oncoming traffic. He was traveling the posted speed limit of 70 MPH and was in the right-hand lane of Highway 550. Defendant Wyckoff caught just a "glimpse of a vehicle being pulled by another vehicle" when Plaintiffs' cars became visible in his headlights, which occurred right before the accident. He "went for the brake" but did not recall ever touching the brake pedal because "[i]t happened too fast." Wyckoff Dep. at 66 (Doc. No. 44-1). He turned the steering wheel to the left to try to avoid the vehicle but struck the left rear of the towed vehicle with the passenger side of the tractor trailer.

Defendant Wyckoff testified that he did not see any lights "whatsoever" on the vehicles before he struck Plaintiff Moran's towed vehicle. *Id.* at 67 (Doc. No. 44-1). Defendant Wyckoff estimated that Plaintiffs must have been traveling at a speed of no more than 25 MPH.

---

[6] The following facts are undisputed except where noted.

In contrast, Plaintiff Moran testified that he was traveling at a speed of about 55 MPH, that his vehicle's lights worked, and that the towed vehicle's lights also were working. Plaintiff Penate-Najera also represented that he was driving 55 MPH when the accident occurred. Plaintiff Moran stated that before the collision, he had seen the tractor trailer "a long way away, and all of a sudden, I saw the lights close and 'boom.'" Moran Dep. at 55 (Doc. No. 44-1).

Defendants set out nine material facts in their Motion. In their Response Plaintiffs appear to have admitted most of those facts but expressly challenge Defendants' material fact number 7, which states that Defendant Wyckoff saw no lights from Plaintiffs' vehicles before the accident. *See* Response at 2. In an attempt to refute fact number 7, Plaintiffs contend that Mr. Penate-Najera testified that "the vehicles were checked and that all lights including his brake lights were working on the vehicles." Response at 2.[7] Plaintiffs also identified six material facts they contend are undisputed, many of which duplicate Defendants' proposed material facts.[8] *See id.* at 2–3. Although Plaintiffs state in their Response that they challenge only Defendant Wyckoff's testimony about vehicle lights, Plaintiffs also dispute Defendant Wyckoff's estimate of Plaintiffs' speed. Response at 3.

**Discussion**

A. **Negligence *Per Se***

In New Mexico, negligence per se consists of four elements:

---

[7] In support, Plaintiffs cite "Exhibit A, Deposition testimony of Reineris Penate-Najera, 25:3–17." Response at 2. But, Plaintiffs' Ex. A is not a deposition transcript, and, instead, is a copy of Plaintiffs' Second Amended Complaint. (Doc. No. 47, Ex. A). Defendants' Ex. A is a deposition transcript of Defendant Wyckoff. Plaintiffs attached only page 35 of Mr. Penate-Najera's deposition transcript as Ex. C to their Response, but Plaintiff Penate-Najera did not discuss the lighting of the vehicles on that page of his deposition transcript. Plaintiffs may have intended to cite to Mr. Moran's deposition testimony that the lights on his towed vehicle were working, but that testimony occurred at page 47 of Mr. Moran's deposition transcript. (Doc. No. 47, Ex. B).

[8] Plaintiffs' counsel should take care to provide accurate citations to the record and to attach as exhibits evidence on which Plaintiffs rely. *See* fn. 5 *supra*. Plaintiffs' counsel also should carefully review this Court's local rules regarding how to identify disputes of material facts with citations to the record. *See* D.N.M. LR-Civ. 56.1(b).

> (1) There must be a statute [or regulation] which prescribes certain actions or defines a standard of conduct, either explicitly or implicitly, (2) the defendant must violate the statute [or regulation], (3) the plaintiff must be in the class of persons sought to be protected by the statute, and (4) the harm or injury to the plaintiff must generally be of the type the Legislature through the statute sought to prevent.

*Cobb v. Gammon*, 2017-NMCA-022, ¶ 43, 389 P.3d 1058, 1073

### B. Summary of Parties' Positions

In support of their negligence *per se* claim, Plaintiffs rely on alleged violations of the following New Mexico statutes, § 66-8-113 (reckless driving); § 66-8-114 (careless driving); and § 66-7-318 (following too closely). SAC ¶¶ 13–14. They contend they have met all four elements of a negligence *per se* claim with respect to alleged violations of all three statutes. Response at 4-7. Defendants do not specifically address the four elements of a negligence *per se* claim and do not argue that elements 1, 3 or 4 are not satisfied. Defendants' argument appears to be directed at the second element of the negligence *per se* claim and whether Defendant Wyckoff violated any of the pertinent statutes.

Plaintiffs maintain that Defendant Wyckoff clearly failed to: see the Plaintiffs' vehicles; slow down appropriately; keep a safe distance between his tractor trailer and Plaintiffs' vehicles; and stop in time to avoid a collision. This conduct, according to Plaintiffs, constitutes careless and reckless driving in violation of the pertinent statutes, and was the proximate cause of the collision.

Defendants assert that Defendant Wyckoff was not issued citations for driving recklessly or for following a vehicle too closely. It is unclear if Defendant Wyckoff was cited for careless driving since Defendants' Motion does not expressly address NMSA § 66-8-114 (careless driving). *See* Motion at 5, 7-8; Reply at 4. Defendants also argue that there is a lack of evidence that Defendant Wyckoff possessed a culpable mental state to sustain a violation of NMSA § 66-

5

8-113[9] (reckless driving) and a lack of evidence that Defendant Wyckoff was following Plaintiff Moran's vehicle too closely. Motion at 5–8.

C. Analysis

The disputed facts regarding whether Plaintiffs were driving 25 MPH or 55 MPH and whether Plaintiffs' vehicle lights were operating or not make it impossible for the Court to decide as a matter of law that Defendant Wyckoff was operating his vehicle in accordance with the three statutes. Because there are genuine disputes of material facts, the Court will deny Defendants' partial summary judgment on the negligence *per se* claim that is premised on alleged violations of NMSA §§ 66-8-113, 66-8-114, and 66-7-318.

Stated differently, if Plaintiffs were driving 55 MPH and had operating tail and brake lights on their vehicles, the Court is unable to conclude as a matter of law that Defendant Wyckoff was driving with the requisite amount of care, attentiveness, and regard for the safety of others or that he was following Plaintiff Moran's truck with a "reasonable and prudent" distance between the vehicles. Based on the undisputed facts that Defendant Wyckoff came upon the Plaintiffs' vehicles so suddenly that he was unable to avoid a collision with Plaintiff Moran's towed vehicle, a reasonable jury could find that Defendant Wyckoff was driving in an inattentive, careless, or reckless manner and/or that he failed to maintain a reasonable distance between the vehicles. *See* NMSA § 66-8-113(A) (prohibiting careless driving and the "willful or

---

[9] The Court is not persuaded by Defendants' reliance on cases where the state courts were addressing whether a defendant exhibited the required mental state for vehicular homicide (conscious wrongdoing). *See, e.g., State v. Ibn Omar-Muhammad*, 1985-NMSC-006, ¶ 22, 102 N.M. 274, 278, *holding modified by State v. Cleve*, 1999-NMSC-017, ¶ 22, 127 N.M. 240; *State v. Richerson*, 1975–NMCA–027, 87 N.M. 437 (finding that the evidence of a defendant's conduct driving 70 MPH in a residential neighborhood, posted at 25-35 MPH, and on the wrong side of the road, was sufficient to submit to the jury homicide by vehicle while operating in a reckless manner).

wanton disregard of the rights or safety of others"); NMSA § 66-8-114 (requiring a driver to give "his full time and entire attention" to operating his vehicle and prohibiting careless and inattentive driving); and NMSA § 66-7-318 (prohibiting a driver from following another vehicle "more closely than is reasonable and prudent" in view of the vehicles' speeds and road conditions). Moreover, the mere fact that Defendant Wyckoff was not cited for violations of the three statutes is not dispositive because drivers are not necessarily issued citations for traffic violations after a collision occurs.

However, if a reasonable factfinder decides that Plaintiffs were driving much more slowly than 55 MPH, as maintained by Defendant Wyckoff, and that the vehicles had no operating lights, then a jury might reach a different result. Depending on which versions of the facts are believed, a finder of fact could reasonably resolve the negligence *per se* claim in favor of either party. Thus, the Court will leave these questions for a jury's resolution.

IT IS THEREFORE ORDERED that DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' CLAIM FOR NEGLIGENCE PER SE (Doc. No. 44) is DENIED, with the result that Plaintiffs' claims of negligence *per se* and negligence against both Defendants will proceed.

_____
SENIOR UNITED STATES DISTRICT JUDGE